■ ROBERT BARDEY, Appellant, v HARLEY BROOKE-HITCHING, Respondent.—Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered June 27, 1990, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, the motion denied, and the complaint reinstated, with costs.

The complaint, which arises out of a dispute between defendant and the board of directors of her cooperative over renovations made to her apartment, alleges that defendant published the following libelous remarks in a memorandum dated May 25, 1989 which was circulated among the tenants: (a) "Please note that I am the second shareholder sued for eviction by Barday *[sic]* in the name of (and with the money of) the co-op corporation. The other shareholder was also a single female who had also said NO to Barday *[sic]."* (b) "The unleashed revenge against me started: lies, mounting expenses, harassment, demands for money by Barday *[sic]".* Plaintiff, an attorney, contends that defendant maliciously intended to charge

him with "(a) having made amatory and/or sexual advances to defendant and to another 'single female' shareholder, and (b) having sought to extort money from defendant in connection with defendant's dispute and litigation with the cooperative corporation."

Supreme Court concluded that the memorandum is not libelous per se because it is susceptible of more than one interpretation, presumably nondefamatory. However, the criterion for dismissal of a complaint for defamation is that the contested language is not susceptible of defamatory meaning as a matter of law *(Matherson v Marchello,* 100 AD2d 233, 240; *see also, Weiner v Doubleday & Co.,* 74 NY2d 586, 592-593, *cert denied* — US —, 110 S Ct 2168; *Khan v Newsweek, Inc.,* 160 AD2d 425, 426). Having concluded that the words complained of are "reasonably susceptible of a defamatory connotation" *(James v Gannett Co.,* 40 NY2d 415, 419), the question of whether they are likely to be understood as being defamatory by the average reader is for the jury to determine *(supra).* Concur—Sullivan, J. P., Carro, Milonas, Smith and Rubin, JJ.